IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:09cr7-WHA-CSC |
| | ) | (WO) |
| JOSE A. GONZALEZ | ) | |
| ABRAHAM ARANGO | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. Introduction**

The defendants, Jose A. Gonzalez and Abraham Arango, were indicted on January 27, 2009, with one count of conspiring to distribute and possess with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, and one count of aiding and abetting possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  On March 13, 2009, the defendants filed a joint motion to suppress, in which they assert that the traffic stop of their tractor-trailer was unconstitutionally pretextual thus requiring that the fruits of the search of the truck, including the 23 kilograms of cocaine hydrochloride, be suppressed.  The court held an evidentiary hearing on the motion on June 3, 2009.  Based on the evidence presented to the court and argument of the parties, the court concludes that the motion to suppress is due to be denied.

**II. Facts**

While traveling in the right lane near mile marker 11 on Interstate 85 North on January 14, 2009, Corporal J. S. Dunn ("Officer Dunn"), a City of Montgomery Police

Department officer, noticed an 18-wheel commercial tractor-trailer pass his police car.[1] Around mile marker 12 or 13, Officer Dunn noticed that the truck's wheels on the driver's side were drifting over and riding along the fog line on the far left side of the left lane. The truck's wheels on the driver's side momentarily crossed over the fog line by approximately two feet. After the truck turned on its right blinker and swerved into the right lane, the Officer Dunn and his partner activated their siren and lights and stopped the defendants' truck. After issuing a warning and receiving consent to search, the officers found 23 kilograms of cocaine in the trailer of the vehicle.

### III. Discussion

The defendants contend that the stop and subsequent search of the truck was unreasonable in violation of their constitutional rights. Specifically, the defendants contend that the officers' initial stop of the truck based on an improper lane change was merely a pretext for a search of the 18-wheeler. The defendants argue that the stop was not based on probable cause because no traffic violation occurred.

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). A police officer "may stop a vehicle when there is probable cause to believe that the driver is violating any one of the multitude of applicable traffic . . . regulations relating to the operation of motor vehicles." *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998) (quoting *United States v. Strickland*, 902 F.2d 937, 940 (11th Cir.

---

[1] Officer Dunn's partner was the driver and Officer Dunn was a passenger in the police car.

1990)).

In Alabama, making an "improper or erratic traffic lane change" while operating a commercial motor vehicle is a "serious traffic violation." ALA. CODE § 32-6-49.3(21)(b). The court finds that Officer Dunn stopped the defendants' tractor-trailer only after having probable cause to believe that Gonzales, the driver, had committed a traffic violation of making an improper lane change while driving a commercial vehicle. After careful consideration of the video recording of the incident as well as Officer Dunn's testimony, this court finds that, shortly before changing lanes from the left lane into the right lane, the defendants' truck momentarily drifted over the left lane's fog line by approximately two feet while traveling along Interstate 85 North.[2] The court concludes that a reasonable officer in Officer Dunn's position could have stopped the defendants' vehicle for an improper lane change, and, therefore, the stop was constitutionally permissible. *See United States v. Johnson*, 2005 WL 1412117, *2 (11th Cir. 2005) (fact that driver was swerving was sufficient justification to stop vehicle to insure that driver was neither drunk or sleeping); *United States v. Harris*, 928 F.2d 1113, 1116-17 (11th Cir. 1991) (same). This court therefore concludes that the motion to suppress should be denied.

## IV. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

---

[2] At the hearing, the defendants argued that the video recording of the truck's drift does not clearly show the violation. It is correct that on the video recording the shadow of the truck does mask somewhat how far the truck's wheels crossed the fog line. However, the totality of the evidence -- the video recording *and* Officer Dunn's testimony about what he personally saw -- convince the court that the truck's wheels crossed over the fog line.

defendant's motion to suppress be denied.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **June 18, 2009.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of June, 2009.

                                                   /s/Charles S. Coody
                                                   CHARLES S. COODY
                                                   UNITED STATES MAGISTRATE JUDGE